UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE FIGUEROA,

      Petitioner,

-against-

DAWN LaCLAIR, Superintendent,

      Respondent.

18-CV-6818 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

  Petitioner, currently incarcerated in the Woodbourne Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his January 10, 2012 conviction in the New York Supreme Court, New York County. By order dated March 8, 2019, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court directs Petitioner, within sixty days of the date of this order, to show cause why the Court should not deny the petition as time-barred.

## DISCUSSION

  A prisoner seeking *habeas corpus* relief under 28 U.S.C. § 2254 must generally file a petition within one year of the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court of the United States, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

  Petitioner alleges that on December 6, 2011, he was convicted in the New York Supreme Court, New York County. (ECF No. 1, at 1.) On February 3, 2015, the New York Supreme Court, Appellate Division, First Department, affirmed the conviction, *People v. Figueroa*, 125 A.D.3d

432 (1st Dep't 2015),[1] and on September 4, 2015, the New York Court of Appeals denied leave to appeal, *People v. Figueroa*, 26 N.Y.3d 367 (2015).[2] Petitioner's conviction consequently became final on December 3, 2015, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). Thus, under § 2244(d)(1)(A), Petitioner had until December 5, 2016, to file a § 2254 petition in this Court to challenge his 2012 New York County conviction.[3] Petitioner placed his petition in his prison's mail collection system on July 9, 2018, one year, seven months, and five days later.

Under the Antiterrorism and Effective Death Penalty Act, when postconviction motions are filed before the expiration of the applicable limitations period for a § 2254 petition, those motions and related state-court proceedings may toll the limitations period. *See* § 2244(d)(2). Postconviction motions filed after the limitations period expires, however, do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

---

[1] Petitioner cites this decision as the Appellate Division's affirmance of his conviction. (ECF No. 1, at 2). The decision states that on January 10, 2012, the trial court entered Petitioner's judgment of conviction following Petitioner's guilty plea, and that the trial court sentenced Petitioner to an aggregate 10-year prison term. *Figueroa*, 26 N.Y.S.3d at 432.

[2] Petitioner states that the New York Court of Appeals denied leave to appeal on September 15, 2015. (ECF No. 1, at 2.)

[3] The last day of that limitations period actually fell on Saturday, December 3, 2016. But because it fell on a Saturday, the expiration date of the limitations period was extended to the next Court business day, Monday, December 5, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C).

2

Here, Petitioner states that on September 17, 2017, he filed a motion in the trial court to set aside his sentence under N.Y. Crim. Proc. Law § 440.20,[4] and that the trial court denied the motion on January 8, 2018. (ECF No. 1, at 3.) He does not state whether he sought leave to appeal the denial of his § 440 motion in the Appellate Division. But he has attached a copy of a June 18, 2018 order of the New York Court of Appeals. (ECF No. 1, at 20.) In that order, the New York Court of Appeals dismissed Petitioner's appeal of an April 17, 2018 order of the Appellate Division in which the Appellate Division denied leave to appeal a January 8, 2018 order of the trial court.

Because the applicable limitations period expired on December 5, 2016, before Petitioner filed his § 440 motion on September 17, 2017, the § 440 motion's pendency did not toll the limitations period under § 2244(d)(2). *See Smith*, 208 F.3d at 17. Accordingly, the petition appears to be untimely because it was filed on July 9, 2018, well after the limitations period expired.

The Court directs Petitioner, within sixty days, to show cause why the Court should not deny his petition as time-barred.[5] He may use the attached declaration form for this purpose. Petitioner should allege any facts that show that he has been pursuing his rights diligently and

---

[4] Petitioner has attached a copy of an excerpt of a state-court decision showing that he brought a postjudgment motion in the trial court to vacate his judgment of conviction under N.Y. Crim. Proc. Law § 440.10, rather than a motion to set aside his sentence under § 440.20. (ECF No. 1, at 16.)

[5] Petitioner should include a listing of (1) the dates that he filed all postconviction motions, applications, or petitions in the state courts challenging his conviction, including any petition for a writ of error *coram nobis*, all § 440 motions, and any other postconviction applications, (2) the grounds on which they were each brought and any supporting facts, (3) when any of them were decided, (4) the dates that any appeals or applications for leave to appeal from those decisions were filed, (5) when those appeals or applications were decided, and (6) when he received notice of any state-court decisions on those motions, applications, or petitions and appeals. *See* § 2244(d)(2).

that some extraordinary circumstance prevented him from timely submitting his petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the one-year limitations period for § 2254 *habeas corpus* petitions is subject to equitable tolling in appropriate cases).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Petitioner and note service on the docket. The Court directs Petitioner, within sixty days of the date of this order, to show cause why the Court should not deny the petition as time-barred. If Petitioner timely files a declaration in response to this order, the Court will review it, and if proper, will order that the petition be served on Respondent. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny the petition as time-barred. No answer will be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 12, 2019
       New York, New York

COLLEEN McMAHON
Chief United States District Judge

4